19362. CAMDEN FIRE INSURANCE ASSOCIATION *v.* ALMAND.

DECIDED MARCH 7, 1929. REHEARING DENIED APRIL 9, 1929.

*Spalding, MacDougald & Sibley, C. C. Crockett, Estes Doremus,* for plaintiff in error.

*G. H. Williams,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ■ Conceding (but not deciding) that an award may be impeached or attacked by an appraiser who did not sign the award (26 Corpus Juris, 427, par. 569), and that the court erred in striking that portion of the amendment to the answer which tended "to impeach the appraisal," the error was harmless for the reason that if the portion stricken had been allowed, and if the evidence had sustained its averments as to the appraisal and award, the result of the trial would have been the same, since the great preponderance of the evidence, independent of and exclusive of the evidence as to the appraisal and the award, authorized, if it did not demand, the verdict. The same reasoning applies to the refusal of the court to dismiss the petition on the oral motion of the defendant. The petition, though it set forth the award, was not based on the award, and the case could have proceeded to the verdict and judgment for the plaintiff without any mention of the award, either in the pleadings or the evidence.

■ It follows, from the foregoing ruling, that the ground of the motion for a new trial which complains of the admission in evidence of the award of the appraisers, on the ground that it was void because the defendant had not been given the required notice

as to the appointment of the umpire, is without merit. Furthermore, it appears from the facts of the case that the defendant by its conduct, after the appointment of the umpire, was estopped from raising such a point.

The other special grounds of the motion for a new trial are not argued or insisted upon in the brief of counsel for the plaintiff in error and are treated as abandoned. While the verdict was directed by the court, neither the bill of exceptions nor the motion for a new trial contains an assignment of error upon such direction, the assignment being merely that the verdict as directed was contrary to law and the evidence. Such an assignment of error, under repeated rulings of the Supreme Court and this court, raises only the question whether the verdict was supported by any evidence, and in this case the verdict was authorized by ample evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*